**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-7420**

—————————

FRANCISCO CURBELO,

                          Plaintiff - Appellant,

        versus

JIM PENDERGRAPH, Sheriff; ELAINE GRAVITT,
Nurse; NORMAN H. GOODE, Captain; DENNIS RAY
SERGEANT; G. MILLER, Mecklenburg County Jail
Officer; WADE ROBINSON SKINNER, Mecklenburg
County Jail Officer,

                          Defendants - Appellees.

—————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Chief
District Judge. (CA-04-21-3)

—————————

Submitted:  January 26, 2005        Decided:  March 1, 2005

—————————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Francisco Curbelo, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Francisco Curbelo appeals from the order of the district court dismissing his amended complaint as unintelligible. We vacate this decision and remand for further proceedings.

Curbelo, a federal inmate in the custody of the Mecklenburg County Jail in Charlotte, North Carolina, filed a complaint in the district court on a standard, court-provided form used for filing complaints under 42 U.S.C. § 1983 (2000), in January 2004. In a § 1983 civil rights case, the minimal Rule 8 notice pleading requirements are met when a plaintiff alleges "some person has deprived him of a federal right" and that "the person who has deprived him of that right acted under color of state . . . law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Although Curbelo's complaint was written in broken English, his allegations clearly set forth claims of deliberate indifference to serious medical needs between August 2000 and December 2003. For example, he asserts:

> On several occasions to [A]ugust 12, 2000, Plaintiff informed Mecklenburg medical dept. jail for the inmate medical request inform facial problem to caused by a facial virus; and that such condition had caused swelling and displacement of his face or disfiguring on suffered excruciating pain health to the nurse start Mrs Linda McGuire to deny medical attention for not translator available and deliberate indifference.

(Complaint at 5). Curbelo also added that "the problem is causing Plaintiff to become sick[.] I've been getting very bad high fevers and stomachs acme problems." (Id. at 8). He asserted that the

- 2 -

problems persisted, and he sought treatment for stomach pain, facial problems, and vision problems on numerous occasions, including August 2000, October 2000, April 2001, and April 2002, to no avail. (Id. at 5-12).

Curbelo also appears to raise a claim relating to the conditions of his confinement. He states that: "the toilet in Plaintiff cell has been out of order and full of human waste and not water toilet the cell # 25 of NHF is still not working for two weeks." (Id. at 8).

Although these claims are not a model of clarity, we conclude that they meet the minimum requirements of the rules applicable to federal pleading.[*] Accordingly, we vacate the judgment of the district court and remand for further proceedings. On remand, we recommend that the district court consider exercising its discretion to appoint Curbelo Spanish speaking counsel by way of North Carolina Prisoner Legal Services, Inc. We grant Curbelo's "Motion To Petition of consolidation," which we construe as a motion to supplement his informal brief. We deny Curbelo's motions for appointment of appellate counsel and for bail pending appeal. We deny Curbelo's motion for oral argument because the facts and

---

[*]We note that Curbelo's complaint was dismissed without prejudice. Because some of the claims in his complaint were timely when filed, but would be barred by the statute of limitations if refiled at this juncture, the dismissal order is reviewable. Cf. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993).

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED